**Charles L. GREEN, Plaintiff–
Appellant,**

v.

**ILLINOIS POWER COMPANY,
Defendant–Appellee.**

**Nos. 02–3950, 03–1158.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 4, 2003.

Rehearing Denied Dec. 23, 2003.

Charles L. Green, Danville, IL, pro se.

Jill D. Leka, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

In 1999 we affirmed the grant of summary judgment to Illinois Power on Charles Green's employment discrimination claims against the company. *See Green v. Ill. Power Co.,* Case No. 98–3276, 1999 WL 265051 (7th Cir. Apr. 26, 1999). Since then, Green has filed three more employment discrimination lawsuits against Illinois Power, which so far have generated five appeals including a petition for a writ of mandamus. We denied the petition, and dismissed two of the appeals because Green filed them too late. We now dismiss his remaining two appeals.

In the first of his remaining appeals, no. 02–3950, Green attempts to challenge various adverse rulings in his third lawsuit, in which the district court dismissed some of his claims, granted summary judgment to Illinois Power on the others, and awarded costs to Illinois Power in the amount of $1207.06 (the amount Illinois Power spent to depose Green). But we previously limited Green's appeal to the issue of costs because he filed his notice of appeal too late to contest the other rulings. Nonetheless, Green's brief focuses exclusively on the court's orders of dismissal and summary judgment, and never argues that the court erred when it awarded costs to Illinois Power, the only issue he should have addressed. Even *pro se* litigants like Green must address the relevant issues in their briefs and include their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R.App. P. 28(a)(9); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Green's brief fails even to acknowledge that the district court entered an award of costs, let alone argue why the award was wrong. Therefore his brief fails to comply with the requirements of Rule 28(a)(9).

In the second appeal, no. 03–1158, Green takes issue with the $2600 award of attorney's fees to Illinois Power, which the court entered after dismissing Green's fourth lawsuit and concluding that it was frivolous. But Green's brief argues only generally that the court committed "an injustice" and "treason" by awarding fees. "Generalized assertion[s] of error" do not comply with the requirements of Rule 28(a)(9), and Green offers no other arguments or citations to authority to support his challenge of the fee award. *Anderson,* 241 F.3d at 545.

Accordingly, appeals no. 02–3950 and no. 03–1158 are DISMISSED.

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a)(2).